**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000157**
**31-OCT-2012**
**10:59 AM**

NO. CAAP-11-0000157

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BARBARA SUZUKI, Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, TED SAKAI, EDWIN SHIMODA,
ROY YAMAMOTO, MAY ANDRADE, JOHN MANUMALEUNA,
FRANCIS SEQUERI and DOE ENTITIES 1-10, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CV. NO. 02-1-002708)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Plaintiff-Appellant Barbara Suzuki (Suzuki) appeals from the Final Judgment filed on February 28, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1] The Final Judgment was entered after a bench trial held by the Circuit Court. We affirm the Final Judgment.

I.

Suzuki is an African-American woman who was employed by Defendant-Appellee State of Hawaiʻi (the State) as an Adult Correctional Officer (ACO) in the Department of Public Safety (DPS). Suzuki was 65 years old and working at the Oahu Community Correctional Center (OCCC). While at OCCC, she was observed walking very slowly and having to stop and rest after short distances. A fitness-for-duty physical examination revealed that

---

[1] The Honorable R. Mark Browning presided over the proceedings relevant to this appeal.

Suzuki was suffering from non-work-related degenerative arthritis in her knees and lower back that was unlikely to improve. Suzuki's treating physician opined that due to Suzuki's degenerative arthritis condition, she could not meet the physical requirements of an ACO. The State barred Suzuki from working as an ACO because of her inability to physically perform her duties. Suzuki was not reassigned to another position, and her employment with the DPS eventually ended.

Suzuki filed suit against the State[2] alleging: (1) race, gender, and age discrimination; (2) retaliation; (3) disability discrimination; (4) negligent hiring and retention; (5) infliction of emotional distress; and (6) negligence. The Circuit Court granted the State's motion for summary judgment on all claims asserted in Suzuki's complaint and entered judgment against Suzuki and in favor of Defendants.

Suzuki appealed. On appeal, this court affirmed the Circuit Court's grant of summary judgment in favor of the State on all of Suzuki's claims, except for Suzuki's claims that the DPS discriminated against her on the basis of race and gender in failing to reassign her to a light-duty position. Suzuki v. State, 119 Hawaiʻi 288, 291, 304, 196 P.3d 290, 293, 306 (App. 2008).[3] We also held that the that Circuit Court had erred in refusing to compel any portion of the personnel file of Alberta Maglinti (Maglinti), who had been removed from her ACO position due to a non-work-related disability, and in its blanket refusal to compel production of the personnel files of other ACOs who were given light-duty work. Id. We remanded the case for further proceedings. Id.

---

[2] Suzuki's complaint also named the Director of the DPS and five of her supervisors at the DPS. Suzuki's claims against the five supervisors were dismissed for failure to serve them with the complaint, and her claims against the Director of the DPS were dismissed because the service of the complaint on him was untimely.

[3] In her appeal, Suzuki did not challenge the dismissal of her complaint against the other Defendants besides the State.

On remand, the Circuit Court held a bench trial on Suzuki's claims that the DPS discriminated against her on the basis of race and gender in failing to reassign her to a light-duty position. After a three-day trial, the Circuit Court filed its "Findings of Fact and Conclusions of Law; and Decision and Order" (Trial Decision) on November 15, 2010. The Circuit Court concluded that the DPS had not discriminated against Suzuki because of her race or gender in failing to reassign her to a light-duty position. The Circuit Court subsequently issued its Final Judgment on February 28, 2011, and this appeal followed.

II.

On appeal, Suzuki asserts points of error which contend that the Circuit Court erred in: (1) entering its Trial Decision, which denied her relief; (2) denying her request for a jury trial; (3) preventing her from questioning a witness about his overhearing racial slurs directed at her; and (4) preventing her from questioning a witness and presenting evidence about workers' compensation claims relating to smoking in the prison.

We resolve Suzuki's points of error as follows:

1. The Circuit Court did not err in concluding that the DPS had not discriminated against Suzuki because of her race or gender in failing to reassign her to a light-duty position. The State presented evidence that the DPS had a "light-duty" policy, which was race and gender neutral on its face, that limited light-duty assignments to ACOs who could not discharge their regular duties because of a work-related injury or condition. The State explained that Suzuki was not eligible for a light-duty assignment under this policy because her disability was not work-related, and thus its failure to give her a light-duty assignment was not based on race or gender discrimination.

Suzuki presented evidence which purported to show that the DPS frequently violated its light-duty policy. She also presented evidence that Maglinti, who like Suzuki had a non-work-related disability, had been placed in a clerical position. The State, however, introduced evidence that Maglinti, a non-African-

3

American woman, was not reassigned pursuant to the light-duty policy, but pursuant to a job search program for which Suzuki was also eligible.

Suzuki's primary argument on appeal is that the Circuit Court erred in denying her claims of discrimination because she presented evidence that the DPS treated Maglinti more favorably than Suzuki.  The Circuit Court, however, considered conflicting evidence presented by the parties on whether Maglinti was similarly situated to Suzuki, whether Maglinti had been treated more favorably, and whether the evidence regarding Maglinti's treatment supported Suzuki's claims of discrimination.[4]  After considering the evidence, the Circuit Court found that Suzuki had failed to prove her discrimination claims.

As the Hawai'i Supreme Court has stated:

> In cases of conflicting evidence, the credibility of the witnesses and the weight to be given their testimony are within the province of the trial court and, generally, will not be disturbed on appeal.  It is not the function of appellate courts to second-guess the trier of fact where there is substantial evidence in the record to support its conclusion.

Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 296-97, 141 P.3d 459, 469-70 (2006) (citation omitted).  We decline to second-guess the Circuit Court's determination that Suzuki failed to prove that the DPS had discriminated against her on the basis of race or gender by failing to reassign her to a light-duty position, because there was substantial evidence to support that conclusion.[5]

---

[4] We note that Maglinti is a woman and thus Maglinti's treatment would only be relevant to Suzuki's claim of race discrimination, and not her claim of gender discrimination.

[5] We note that Suzuki appears to argue that the DPS's failure to place her in a vacant receptionist position constitutes evidence of disability discrimination.  We previously affirmed the Circuit Court's grant of summary judgment on Suzuki's disability discrimination claim, and therefore this claim was not in issue on remand.  The only vacant position that Suzuki identified at the summary judgment stage was the receptionist position, and Suzuki had asserted in the summary judgment proceedings that Maglinti had been placed in the vacant receptionist position.  See Suzuki, 119 Hawai'i at 295, 301, 196 P.3d at 297, 303.  We reasoned that because Magliniti was also disabled,
(continued...)

4

2.     Suzuki contends that the Circuit Court erred in denying her request for a jury trial.  Suzuki, however, fails to present any argument to support this point of error.  We therefore deem this point to have been waived.  See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) (2010) ("Points not argued may be deemed waived."); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478-79, 164 P.3d 696, 736-37 (2007) ("[A]n appellate court is not obliged to address matters for which the appellant has failed to present discernable arguments.")

In any event, Hawaii Revised Statutes (HRS) § 661-1 (1993), which establishes the jurisdiction of the circuit courts over "[a]ll claims against the State founded upon any statute of the State," provides that the circuit courts, "unless otherwise provided by law, shall determine all questions of fact involved without intervention of a jury." (Emphasis added.)  Although HRS Chapter 378 authorizes suits against the State for employment discrimination, it does not contain an unequivocal expression of the right to a jury trial against the State in employment discrimination actions.  Accordingly, the HRS § 661-1 restriction on the right to a jury trial against the State was applicable to Suzuki's discrimination claims against the State, which were founded on HRS Chapter 378, and Suzuki was not entitled to a jury trial on these discrimination claims.  See Taylor-Rice v. State, 105 Hawai'i 104, 109-11, 94 P.3d 659, 664-66 (2004); Lehman v. Nakshian, 453 U.S. 156, 160-62 (1981); Skinner v. Angliker, 559 A.2d 701, 702-07 (Conn. 1989).

---

[5]/(...continued)
Suzuki's assertion that Maglinti was placed in the vacant receptionist position did not support Suzuki's claim of disability discrimination. Id. at 301, 196 P.3d at 303.  It appears that on remand, evidence was presented that Maglinti was placed in a clerical position, rather than the vacant receptionist position.  Suzuki also argued on remand that in failing to place Suzuki in the vacant receptionist position, the DPS failed to follow administrative rules regarding the placement of disabled employees, an argument she failed to make at the summary judgment stage.  As noted, we affirmed the Circuit Court's dismissal of Suzuki's disability discrimination claim in her first appeal, and this claim could not be revived by evidence or arguments presented on remand.

3. The Circuit Court prevented Suzuki from: (1) questioning a witness about his overhearing racial slurs directed at her; and (2) questioning the same witness and presenting evidence about workers' compensation claims relating to smoking in the prison. The State argues that the Circuit Court did not err in excluding such evidence because a "stray remark" by an employee with no employment authority over Suzuki was not probative of her discrimination claim and because workers' compensation claims relating to smoking in the prison were irrelevant.

Although Suzuki identifies the Circuit Court's exclusion of this evidence in her points of error, she fails to present argument to support these points. We therefore deem these points to have been waived and decline to address them. See HRAP Rule 28(b)(7); Hawaii Ventures, 114 Hawai'i at 478-79, 164 P.3d at 736-37.

III.

We affirm the February 28, 2011, Final Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i October 31, 2012.

On the briefs:

Andre S. Wooten
for Plaintiff-Appellant

James E. Halvorson
Nelson Y. Nabeta
Deputy Attorneys General
Department of the Attorney General
State of Hawai'i
for Defendant-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge